UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
FEB - 3 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-508-KSF

MARK A. SHANNON     PLAINTIFF

VS:     **MEMORANDUM, OPINION AND ORDER**

CARL BRISCOE, JR., ET AL.     DEFENDANTS

Currently before the Court for consideration are the following matters: (1) the "Motion to Remand Action to State Court" which the Defendant, Corrections Corporation of America ("CCA") has filed, by counsel [Record No. 7]; (2) the "Motion to Strike Pursuant [to] Federal Rules of Civil Procedure Rule 12(f)" filed by Mark A. Shannon, the *pro se* plaintiff [Record No. 10][1]; and (3) CCA's "Reply" to the plaintiff's "Response" [Record No. 11].

DISCUSSION

Defendant CCA states in its "Motion to Dismiss" that on February 25, 2005, the plaintiff filed a prisoner civil rights complaint in the Franklin Circuit Court. On September 2, 2005, the Franklin Circuit Court dismissed that complaint for lack of venue. On October 20, 2005, the plaintiff then refiled his civil rights complaint in Lee Circuit Court, being *Mark A. Shannon v. Carl Briscoe, et al.*, Lee Circuit Court Civil Action No. 05-CI-00165. That action is still pending.

On December 9, 2005, less than two months after he filed his civil rights complaint in the Lee Circuit Court, the plaintiff commenced a civil action in this Court. He filed a "Notice of Removal" of the prisoner *pro se* civil rights action he had filed in the Lee Circuit Court [Record No.

---

[1] The plaintiff, Mark A. Shannon, is confined in the Western Kentucky Correctional Complex in Fredonia, Kentucky.

1]. In his "Removal" submission [Record No. 1], the plaintiff named the following defendants: (1) Donnie Edwards, Officer; (2) Randy Eckman, Warden; (3) Bart Francis, Institutional Physician; (4) Dr. Lippman, Corporate Physician; and (5) CCA. These are the same defendants whom the plaintiff named as defendants in the pending Lee Circuit Court proceeding.

Defendant CCA argues in its "Motion to Remand" that there is no legal authority for the plaintiff to remove to this Court the claims he is currently asserting in the Lee Circuit Court. CCA further notes that because the plaintiff's claims are essentially based in tort, they are claims which should be adjudicated in state court. In his "Motion to Strike," the plaintiff contends that because he alleges that the defendants violated his constitutional rights, he is entitled to remove the pending Lee Circuit proceeding to this Court.

The plaintiff's position is without any merit. The weight of the law is clear that *a plaintiff is not allowed to remove a state court action to federal court, as removal statutes permit only defendants* to remove. *American Intern. Underwriters (Philippines), Inc. v. Continental Ins.* Co., 843 F.2d 1253 (9th Cir. 1988); *In re Walker*, 375 F.2d 678 (9th Cir. 1967) (No right exists in favor of plaintiff, who has filed an action in the state court, to cause removal of such action to a federal court); *Doyle v. Mellon Bank, N.A.*, 307 B. R. 462 (E. D. Pa. 2004) (Plaintiffs in contract dispute had no right to remove case from district court to bankruptcy court); *Geiger v. Arctco Enterprises, Inc.*, 910 F. Supp. 130 (S. D. N. Y. 1996) (Right of removal is vested exclusively in defendants, and plaintiff simply may not remove an action from a state court); *Smith v. St. Luke's Hospital*, 480 F. Supp. 58 (D.S.D.1979) (A plaintiff has no right of removal under § 1441); *Union Const. Co. v. Dillingham Corp.*, 334 F. Supp. 502 S. D. Tex.1971); *Coastal Air Service, Inc. v. Tarco Aviation Service, Inc.*, 301 F. Supp. 586 (S. D. Ga.1969)

2

Defendant CCA's "Motion to Remand" will be granted and this action will be remanded to the Lee Circuit Court in Beattyville, Kentucky. This proceeding will be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Defendant Corrections Corporation of America's "Motion to Remand Action to State Court" [Record No. 7] is **GRANTED**.

(2) The plaintiff's Motion to Strike Pursuant [to] Federal Rules of Civil Procedure Rule 12(f)" [Record No. 10] is **DENIED**.

(3) This action is **REMANDED** to the Lee Circuit Court, Beattyville, Kentucky.

(4) The Clerk of this Court is directed to take such action as is necessary to remand this action to the Lee Circuit Court, Beattyville, Kentucky.

(5) This action (05-CV-508-KSF) is **DISMISSED WITHOUT PREJUDICE**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

This 3rd day of February, 2006.

KSF
_____
KARL S. FORESTER, SENIOR JUDGE